UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JASON CRUSHSHON,

                Plaintiff,

   -against-                               COMPLAINT
                                            AND JURY DEMAND

                                            No.

THE CITY OF NEW YORK and
JOHN DOES 1-3, New York City Police
Officers, Supervisors, and/or Commanders of
the NEW YORK CITY POLICE DEPARTMENT

                Defendants.
--------------------------------------------------------------x

## PRELIMINARY STATEMENT

1.    This is an action for monetary damages (compensatory and punitive) against the City of New York, John Doe 1-3 of the New York City Police Department ("NYPD") and other members of the NYPD currently unknown to plaintiff, arising out the false arrest, unlawful imprisonment, and assault and battery of Jason Crushshon.

2.    This action arises out of blatant police misconduct that is memorialized on video tape.

3.    On or about May 22, 2015, John Does 1-3 New York City Police Officers, Supervisors and/or Commanders, acting under the color of state law, jointly and severally, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention as well as assault and battery for acts of which plaintiff was innocent.

4.    This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

5.    The plaintiff, Jason Crushshon, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

6. This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

7. The amount in controversy exceeds $75,000.00 excluding interest and costs.

8. Venue is laid within the United States District Court for the Eastern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Eastern District of New York, particularly Kings County.

## PARTIES

9. Plaintiff Jason Crushshon at all times relevant hereto resided in the City and State of New York, County of Kings.

10. That at all times hereinafter mentioned, and upon information and belief, defendant the City of New York, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

11. The NYPD was at all times relevant hereto, an agency of the defendant the City of New York.

12. That at all times hereinafter mentioned, and on information and belief, the defendants John Does 1-3, were at all times relevant hereto, employees of the defendant City of New York, as police officers employed by the NYPD.

13. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

14. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, the City of New York. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, the City of New York.

15. That as a result of the foregoing, the defendant, the City of New York, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## NOTICE OF CLAIM

16. Within 90 days of the occurrence of the incident, plaintiffs filed written Notice of Claim with the City of New York. This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

17. On May 22, 2015, at approximately 11 p.m., plaintiff was walking down the street when he was approached by John Doe 1-3 in front of 691 Gates Avenue, Brooklyn, New York.

18. Although plaintiff had not engaged in any criminal activity nor did John Doe 1-3 have any basis to believe that plaintiff was engaged, or had engaged in any criminal activity, John Doe 1-3 approached plaintiff, aggressively grabbed plaintiff, and searched plaintiff.

19. John Doe 1-3, during this illegal search of plaintiff, inexplicably pushed plaintiff's head against the building located at 691 Gates Avenue.

20. After the stop and search of plaintiff John Doe 1-3 walked away, never offering plaintiff an explanation or an apology for their actions.

21. When plaintiff asked for the shield numbers of John Doe 1-3 they ignored him.

22. In total, plaintiff was in police custody for approximately two minutes.

23. Plaintiff suffered emotional distress, including nightmares due to the action of John Doe1-3.

24. Plaintiff suffered physical pain as well Specifically, plaintiff sustained a cut to the left side of his head that required five sutures which he received at Woodhull Hospital.

25. As a result of his injuries plaintiff has received medical treatment.

26. Defendants acted maliciously and intentionally.

27. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, and loss of liberty and property and physical pain.

## FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

28. Paragraphs 1 through 27 are herein incorporated by reference.

29. Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

30. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

31. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

4

B.  Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.  Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (MUNICIPAL LIABILTY)

32. Paragraphs 1 through 31 are incorporated herein by reference.

33. Defendant City of New York is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

34. Defendant City of New York is liable under the doctrine of *respondeat superior.*

35. Defendant City of New York knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

36. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

37. Defendant City of New York has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

38. Defendant City of New York has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

39. Defendants subjected plaintiff to false arrest and false imprisonment.

40. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant City of New York in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (FOURTH AMENDMENT)

41. Paragraphs 1 through 40 are incorporated herein by reference.

42. John Doe #1-3 arrested plaintiff, subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

43. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

44. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendants in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (FOURTEENTH AMENDMENT)

45. Paragraphs 1 through 44 are incorporated herein by reference.

46. John Doe #1-3 illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

47. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

48. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendants in the amount of Five Million ($5,000,000.00) Dollars.

7

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (ASSAULT and BATTERY)

49. Paragraphs 1-48 are incorporated herein by reference.

50. John Does 1-3, without just cause, willfully and maliciously touched plaintiff without his authorization and used physical force on plaintiff, causing plaintiff to suffer physical and emotional injuries, including a cut to the left side of his head.

51. Defendants touched plaintiff without his authorization by grabbing him and pushing him against a wall.

52. Defendants committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
April 27, 2016